NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0885n.06

No. 10-3331

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Dec 27, 2011*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| JOSEPH FEATHERKILE, | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| WANZA JACKSON, Warden, | ) | O P I N I O N |
| | ) | |
| *Respondent-Appellee*. | ) | |

BEFORE:    COLE, MCKEAGUE, and GRIFFIN, Circuit Judges.

PER CURIAM.  Petitioner-Appellant Joseph Featherkile was convicted by a Hamilton County, Ohio, jury on November 22, 1999, on four counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4).  The trial court sentenced Featherkile to two years' imprisonment for the first count and five years for each of the three remaining counts, all to be served consecutively, for a total of seventeen years.  Featherkile was resentenced in 2006 under the new, discretionary sentencing regime ushered in by the Ohio Supreme Court's application of *United States v. Booker*, 543 U.S. 220 (2005), to the Ohio's sentencing structure.  *See State v. Foster*, 845 N.E.2d 470 (Ohio 2006).  At his 2006 resentencing, the court imposed the same term of imprisonment–seventeen years.  After exhausting his remedies before the Ohio appellate courts, Featherkile filed a petition for a writ of habeas corpus, arguing that his resentencing based on the new discretionary sentencing procedure violates the *ex post facto* and due process clauses of the

Fourteenth Amendment to the United States Constitution.  In particular, Featherkile argues that his new sentence imposes a new and retroactive punishment because it is greater than the "presumptive minimum" sentence applicable prior to *Foster*.  The district court denied the petition.

Featherkile's claim is the same as that advanced by the petitioner in our recent case of *Ruhlman v. Brunsman*, No. 09-4523 (6th Cir. Dec. 23, 2011).  As we explained in *Ruhlman*, resentencings pursuant to Ohio's discretionary sentencing scheme established by *Foster*, even when it results in a sentence greater than the pre-*Foster* presumptive minimum sentence, do not violate *ex post facto* or other due process clause principles.  *Ruhlman*, No. 09-4523, slip op. at 6-12.  Thus, for the reasons stated in *Ruhlman v. Brunsman*, we AFFIRM the denial of the petition by the district court for a writ of habeas corpus.